**James J. RANIERI, Plaintiff,**

**v.**

**HIGHLAND FALLS–FORT MONTGOMERY SCHOOL DISTRICT, Defendant.**

**No. 01 CIV. 6300(CM).**

United States District Court, S.D. New York.

April 18, 2002.

---

Julianna Ryan, Jonathon Bruno.

Michael H. Sussman.

MEMORANDUM DECISION AND OR-
DER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDG-
MENT DISMISSING COMPLAINT

McMAHON, District Judge.

From 1996 until 2000, James Ranieri was the boys' varsity basketball coach at James O'Neill High School. Pursuant to District policy, coaching positions were filled annually for one year terms. Ranieri was the only candidate for the position when he took it in 1996, and he was the only candidate for the position in the years 1997, 1998 and 1999 as well. During those years, he enjoyed both success (two Section IX championships and Coach of the Year honors in 1998) and failure (a 9–12 record in his fourth and final year as coach).

After the disappointing 2000 season, three new candidates—no doubt sensing an opportunity—applied for the position of boys' basketball coach. All four candidates were qualified for the position. All four, including Ranieri, were interviewed by the District's new superintendent, Dr. Geniene Guglielmo, in accordance with new procedures that Dr. Guglielmo instituted upon her arrival. These procedures mandated that candidates set forth their goals and objectives for the coaching position. Dr. Guglielmo, who kept careful notes of her interviews with the four candidates (at which each was asked exactly the same questions), eventually recommended another candidate, Peter Marotta, to the Board of Education. Her stated reason was that she was more impressed with the goals and objectives he identified for the program. The Board, by 5–2 vote, approved her choice for the position.

At the time Marotta was selected for the coaching position previously held by Ranieri, Plaintiff was 53 years old and Marotta was 43 years old—both over 40, and thus within the ADEA protected class, but with Marotta a decade younger. Marotta was not without coaching experience, but Ranieri's was both substantially greater and substantially more recent; he had been the coach of the junior varsity team for some years prior to becoming the varsity coach and, as noted above, he had enjoyed some success (as well as some disappointment) during his years as varsity coach.

Ranieri sues, alleging that he was denied the coaching position because of his age, in violation of the Age Discrimination in Em-

ployment Act (ADEA) and the New York State Human Rights Law. The Defendant District moves for summary judgment. The motion is granted.

## DISCUSSION

To establish a claim for disparate treatment under ADEA, Ranieri must first set forth a prima facie case of age discrimination. *Auerbach v. Board of Educ. of the Harborfields Cent. Sch. Dist. of Green-lawn,* 136 F.3d 104, 109 (2d Cir.1998). "[P]laintiffs bear the initial burden of demonstrating that the actual motivation for the employer's decision was the employee's age." *Id.* (citing *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)).

In order to prove a prima facie case of age discrimination, Ranieri must demonstrate the following: (1) the plaintiff is a member of a protected class; (2) plaintiff is qualified for his position; (3) plaintiff suffered adverse employment action; and (4) the circumstances surrounding the action give rise to an inference of age discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The Second Circuit has clearly stated that the plaintiff's burden in establishing a prima facie case is *de minimis. Auerbach,* 136 F.3d at 109–10; *Criley v. Delta Air Lines, Inc.,* 119 F.3d 102, 104 (2d Cir.1997).

■ Plaintiff has met this minimal burden. He was over forty years old when he was fired, and thus is a member of the protected class. Ranieri was qualified for the position, but was not re-hired after the 2000 football season. Defendant argues that the final element of the prima facie case has not been satisfied because Ranieri's replacement is also a member of the protected class. However, the Supreme Court has held that this is not a proper element of a prima facie case of age dis-

crimination. "The fact that one person in the protected class has lost out to another person in the protected class is . . . irrelevant, so long as he has lost out because of his age." *O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 312, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). While it is true that an age disparity may not support an inference of age discrimination if there is only an insignificant difference, *id.* at 312–13, 116 S.Ct. 1307, the Second Circuit has found that an eight year age difference is significant. *Tarshis v. Riese Org.,* 211 F.3d 30, 38 (2d Cir.2000). Because there is a ten-year age difference between the plaintiff and his replacement, he has set forth the fourth element of a prima facie case of age discrimination.

■ Defendant has also satisfied its burden of articulating a legitimate, non-discriminatory reason for not re-hiring Ranieri—namely his losing record in his final year of coaching, and Guglielmo's dissatisfaction with his stated goals and objectives for the program.

■ Thus, the burden shifts back to the plaintiff to "present[ ] sufficient evidence for a reasonable jury to conclude that [defendant] discriminated against him because of his age." *Hollander v. American Cyanamid Co.,* 172 F.3d 192, 199 (2d Cir. 1999). Ranieri has not met this burden.

The record contains a number of immaterial facts (such as the brief duration of Coach Marotta's tenure and the alleged fact that Dr. Guglielmo's predecessors handled the coach appointment process differently than she did). It also contains one disputed fact that is arguably material. Ranieri alleges that Dr. Guglielmo told him he did not get the coaching position because he "did not fit into our long-term program." (Cplt. ¶, Ranieri EBT at 43–44). Guglielmo denies having made this remark. For purposes of this motion, I

accept Ranieri's testimony as true, because it is this remark, coupled with the fact that Marotta was ten years younger than Ranieri, that plaintiff relies on to sustain a claim of age discrimination. The record is otherwise devoid of any other evidence that might support an inference that the Superintendent's decision was motivated by Ranieri's age.

And that is key. Ranieri does not allege that he had any entitlement to the varsity coaching position; he could not, because it is District policy to post coaching positions every year, and no one is guaranteed reappointment. (Def's. Rule 56.1 Stmt. ¶¶ 11, 13). So he can maintain this action in the face of a dispositive motion only if the evidence he identifies raises a genuine issue of material fact about whether age was a motivating factor in the decision not to rehire him for the position. *See Schnabel v. Abramson,* 232 F.3d 83, 88 (2d Cir.2000) (affirming grant of summary judgment where plaintiff could not offer evidence "that he was discriminated against *because of his age* ") (italics in original). The evidence before me raises no such issue.

■ Stray workplace remarks that have no demonstrated nexus to the personnel action complained of are insufficient to defeat a motion for summary judgment. *Danzer v. Norden Systems, Inc.,* 151 F.3d 50, 56 (2d Cir.1998); *Ngwu v. Salvation Army,* 96 Civ. 0058–59, 1999 WL 2873, at *5 (S.D.N.Y. Jan.4, 1999); *O'Connor v. Viacom, Inc.,* No. 93 Civ. 2399(LMM), 1996 WL 194299, at *5 (S.D.N.Y. Apr.23, 1996). For example, in *Woroski v. Nashua Corp.,* 31 F.3d 105, 108–10 (2d Cir. 1994), the Second Circuit sustained the dismissal of an ADEA case on motion where an employer made statements that older employees were not as aggressive as younger employees, and expressed concerns regarding the higher costs of employees with greater seniority. In *Warren*

*v. Chemical Bank,* No. 96 Civ. 6075(BSJ), 1999 WL 1256249, at *3 (S.D.N.Y. Dec.22, 1999), the court dismissed an ADEA claim on a motion for summary judgment where the only evidence tending to show that age was a factor was a manager's comment that "she did not know plaintiff was that old." *See also Girma v. Skidmore College,* 180 F.Supp.2d 326, 339 (N.D.N.Y.2001) ("stray remarks of a decision-maker, without a more definite connection to the employment decision, are insufficient to prove a claim of employment discrimination."); *Spence v. Maryland Cas. Co.,* 803 F.Supp. 649, 668 (W.D.N.Y.1992) ("Isolated and ambiguous statements are too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination.").

Here plaintiff relies on a single remark that falls well within the parameters of "ambiguous" and "abstract." Plaintiff has no idea what Dr. Guglielmo meant by her "long term plans" comment; he never asked and she never fleshed it out. The words themselves carry no necessary age-based meaning.

Ranieri has not set forth any evidence that defendant's stated reasons for not rehiring him were merely pretextual. Thus, this case is distinguishable from *Carlton v. Mystic Transp. Inc.,* 202 F.3d 129 (2d Cir.2000). In *Carlton,* the plaintiff had established his prima facie case of age discrimination by alleging that his employer suggested that he should retire, and gave his job responsibilities to two employees, one 18 years younger than the plaintiff and one 25 years younger. The court found that looking at the totality of the evidence, the employer's reference to retirement was something more than a stray comment, since the defendant gave contradictory reasons for the plaintiff's termination to the court and to the EEOC, and because the defendant—who alleged that

546

the plaintiff was fired as part of a reduction in work force—actually hired another person to fill the plaintiff's position three months later. Thus, the plaintiff in that case set forth numerous issues of fact from which a reasonable jury could reject the defendant's stated non-discriminatory reasons for terminating the plaintiff.

In this case, in order to demonstrate that the District's stated reasons for not re-hiring him are merely a pretext for discrimination, Ranieri points to what he deems are his superior credentials for the job. I will assume arguendo that his credentials are objectively superior. However, one cannot draw from an unwise decision any inference that it was reached on forbidden grounds. The law does not require an employer to hire the best qualified person, and as long as the evidence does not tend to support an inference of age discrimination, the District does not have to prove that it made the wisest or best choice. *Montana v. First Fed. Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 106 (2d Cir.1989) (noting that federal courts do not have a "roving commission to review business judgments"); *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1116 (2d Cir.1988) ("[e]vidence that an employer made a poor business judgment generally is insufficient to establish a question of fact as to the credibility of the employer's reasons"); *Davis v. State University of New York*, 802 F.2d 638, 643 (2d Cir.1986). Here, the evidence—what there is of it—does not give rise to any inference of forbidden motive.

Accordingly, the defendant's motion for summary judgment is granted and the case is dismissed with prejudice and with costs awarded to defendant.